**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

HAFIZ SALMAN ASIF, et al.,

    Plaintiffs,

       v.

PAM BONDI, et al.,

    Defendants.

Civil Action No.  25-2629 (JDB)

---

## MEMORANDUM OPINION AND ORDER

Hafiz Salman Asif, together with his spouse and stepson, have petitioned this Court for mandamus relief compelling adjudication of his immigrant visa application.  But after he filed this suit, the State Department took the only action Asif requests—it completed post-refusal processing of his visa application and returned his visa petition to the United States Citizenship and Immigration Services (USCIS).  As a result, this case is moot and the Court grants defendants' motion to dismiss without prejudice.

## BACKGROUND

Prospective immigrants seeking employment-based visas must first secure their place in line by taking a proverbial ticket.  See iTech U.S., Inc. v. Renaud, 5 F.4th 59, 61 (D.C. Cir. 2021).  To obtain this ticket, the prospective immigrant's potential U.S. employer submits an Immigrant Petition for Alien Worker to USCIS, an agency within the Department of Homeland Security.  Id. at 60–61; see also 8 C.F.R. § 204.5(a).  USCIS assesses whether the prospective immigrant is eligible for a visa, and if so, approves the petition and forwards it to the National Visa Center (NVC) at the Department of State.  See 8 U.S.C. §§ 1153(b), 1154(b); 8 C.F.R. § 204.5(n).  NVC conducts a second layer of review, verifying that the petitioner and the prospective immigrant have

1

submitted all required documentation and paid all required fees.  See State Dep't, Immigrant Visa Process, Step 2: Begin National Visa Center (NVC) Processing, https://perma.cc/7LAT-7MDN (last visited Apr. 8, 2026).  Then, when an appointment slot becomes available at a U.S. embassy or consulate, NVC schedules the prospective immigrant for a visa interview.  See id.; State Dep't, Immigrant Visa Process, Step 11: Applicant Interview, https://perma.cc/2964-Z7Z9 (last visited Apr. 8, 2026).  At this interview, the prospective immigrant may execute a visa application before a consular officer.  See 8 U.S.C. § 1202(a); 22 C.F.R. §§ 40.1(*l*)(2), 42.67.

The consular officer must adjudicate the prospective immigrant's visa application by taking one of two actions—issuing the applicant a visa or refusing the application.  22 C.F.R. § 42.81(a); see also 8 U.S.C. § 1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer.").  When refusing an application because of inadmissibility, the consular officer "shall provide the alien with a timely written notice that—(A) states the determination, and (B) lists the specific provision or provisions of law under which the alien is inadmissible or [ineligible for an] adjustment of status."  8 U.S.C. § 1182(b).  In certain circumstances, consular officers may take additional steps after refusing a visa.  For example, if a consular officer knows or has reason to believe that a visa applicant obtained USCIS approval of their visa petition through fraud, the officer must return the petition to USCIS for reconsideration.  22 C.F.R. § 42.43(a).  And USCIS may revoke its approval of the visa petition if it agrees with the consular officer's assessment.  See 8 U.S.C. § 1155.

Asif's potential employer filed an immigration petition with USCIS, listing his spouse and stepson as derivative beneficiaries.  See Pet. [ECF No. 1] ¶¶ 13, 15.  USCIS approved the petition and NVC scheduled him for an immigrant visa interview at the U.S. Embassy in Kuala Lumpur, Malaysia.  See id. ¶¶ 13–14.  At that interview, Asif executed a visa application before a consular

officer, who refused him a visa because of concerns that he was not eligible.  Decl. of A. Tate [ECF No. 8-1] ¶ 3; see also Pet'rs' Opp'n [ECF No. 9] at 1.  Five months then passed without further word from the State Department, despite Asif's repeated inquiries.  See Pet. ¶¶ 14, 16, 19; Decl. of A. Tate ¶ 4.  So Asif sued to compel action on his application, naming a litany of federal officers as defendants, including: Pam Bondi as Attorney General, Ur M. Jaddou as Director of USCIS, Marco Rubio as Secretary of State, John Armstrong as Secretary of the Bureau of Consular Affairs, Alejandro Mayorkas as Secretary of Homeland Security, and Edgard Kagan as Consul General to Malaysia.  See Pet. ¶¶ 3–8.

In his petition, Asif requested that the Court order mandamus relief compelling the defendants "to adjudicate and grant the Plaintiff's immigrant visa applications."  Id. at 3.  About four months after Asif sued, the State Department finished post-refusal processing of his visa application, transferred his visa petition back to USCIS, and notified him of the transfer.  See Decl. of A. Tate ¶ 4.  Defendants then moved to dismiss this case, contending both that it is moot and that the petition for mandamus relief is deficient.  See Defs.' Mot. Dismiss [ECF No. 8] at 1.  Their motion is ripe for resolution.

## LEGAL STANDARD

Upon motion to dismiss a petition for lack of subject-matter jurisdiction, the petitioner bears the burden of establishing the court's jurisdiction to hear the case in the first instance.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 112 (D.D.C. 2005).  Respondents, however, bear the burden of establishing that the court lacks jurisdiction because the case is moot.  West Virginia v. EPA, 597 U.S. 697, 719 (2022).  When assessing its own jurisdiction, the court may consider the petition, supplemented by both

3

undisputed facts in the record and the court's resolution of disputed facts.  Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).

## DISCUSSION

Article III of the Constitution vests federal courts with the power to adjudicate only genuine "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl.1.  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"  Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam)).  This may occur when a petitioner obtains all relief he seeks and "the court can provide no effective remedy."  Fore River Residents Against the Compressor Station v. FERC, 77 F.4th 882, 889 (D.C. Cir. 2023) (citation modified).

Of course, defendants may not automatically moot a case by suspending their challenged conduct once sued.  FBI v. Fikre, 601 U.S. 234, 241 (2024).  "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends."  Already, LLC, 568 U.S. at 91. But where a petitioner demands a discrete action unlawfully withheld and defendants voluntarily and fully comply, there is no risk of recurrence—the relief sought has been irrevocably given.  No live issue remains, and the case is moot.  See Kwok Sze v. Johnson, 172 F. Supp. 3d 112, 118 (D.D.C. 2016), aff'd sub nom. Kwok Sze v. Kelly, No. 16-5090, 2017 WL 2332592 (D.C. Cir. Feb. 21, 2017) (holding complaint was properly dismissed as moot because plaintiff already obtained the mandamus relief he sought); see also Quainoo v. Holder, Civ. A. No. 13-0075 (KBJ), 2013 WL 3466734, at *1 (D.D.C. July 10, 2013) (holding that USCIS's voluntary adjudication of plaintiff's petition—the sole relief sought—mooted the case).

Asif originally petitioned the Court for mandamus relief ordering defendants to adjudicate and grant his immigrant visa application.  See Pet. at 3.  In his response to defendants' motion to dismiss, he abandoned his request that the Court direct defendants to issue him a visa.  See Pet'rs' Opp'n at 2.[1]  And all parties agree that the State Department has already adjudicated Asif's visa application, refusing it and returning his visa petition to USCIS.  See id. at 1; see also Decl. of A. Tate ¶ 4.  Asif has thus received all the relief he seeks, and this action is moot.

Asif protests, without any supporting citation, that the case is not moot because defendants did not adjudicate his visa application until after he filed suit.  See Pet'rs' Opp'n at 2.  His contention lacks merit.  While standing is measured against the facts at the time the petition was filed, mootness turns on events that occur after the suit commences.  See West Virgina, 597 U.S. at 719; Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 978 (D.C. Cir. 2016).  And the voluntary cessation doctrine cannot save his mandamus claim from mootness because defendants have fully and finally completed the only action Asif now requests—adjudication of his visa application.

Asif's contention that he has not received the relief he seeks—"action within a reasonable time" not "unlawful delay"—is also unavailing.  See Pet'rs' Opp'n at 2.  This Court lacks the power to bend time; any mandamus relief it orders can only operate prospectively.  Asif sought this prospective remedy and defendants took the action he demanded.  There is nothing left for the Court to do but dismiss the petition.

---

[1] The retreat was proper.  District courts may only grant mandamus relief pursuant to the Mandamus Act if "the defendant has a clear duty to act"— and this requirement is jurisdictional.  Lovitky v. Trump, 949 F.3d 753, 759 (D.C. Cir. 2020) (citation modified).  But consular officers have no clear duty to grant Asif a visa.  Congress has vested them with broad discretion to grant or deny any visa application.  See Baan Rao Thai Rest. v. Pompeo, 985 F.3d 1020, 1024 (D.C. Cir. 2021).  Moreover, "[t]he Immigration and Nationality Act (INA) does not authorize judicial review of a consular officer's denial of a visa," so federal courts lack jurisdiction to substantively review visa denials. Dep't of State v. Munoz, 602 U.S. 899, 908 (2024).

**CONCLUSION**

For these reasons, it is hereby ORDERED that [8] defendants' motion to dismiss is granted

and [1] the petition is DISMISSED WITHOUT PREJUDICE as moot.

**SO ORDERED.**

/s/

JOHN D. BATES
United States District Judge

Dated: <u>April 8, 2026</u>